UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor, <br><br>  Plaintiff, <br><br> v. <br><br> B K Laurence, Inc. d/b/a Bear Lake Inn and Dingman's Beer Garden, and Karren Laurence, <br><br> Defendants. | Civil Action No. <br> 1:24-cv-00132-PLM-SJB |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor, has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), and Defendants B K Laurence, Inc. d/b/a Bear Lake Inn and Dingman's Beer Garden ("Bear Lake") and Karren Laurence, individually, (collectively "Defendants") have appeared by counsel and agree to the entry of this Consent Judgment and Order ("Consent Judgment") without contest.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Secretary and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 203(m)(2)(B), 206, and 215(a)(2), pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at rates less than $7.25 an hour, or any rate subsequently made applicable by amendment to the FLSA.

   a. For purposes of Paragraph 1, prohibited actions include, without limitation: requiring tipped employees to share their tips with managers or with employees who do not customarily and regularly receive tips, through use of threats, beratement, adverse employment action, or other coercive measures.

2. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees including, but not limited to, any of their employees working at Bear Lake or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless said employees receive compensation for their employment in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

    a. For purposes of Paragraph 2, prohibited actions include, without limitation: (1) utilizing a tip credit to calculate employees' overtime pay rate if Defendants are not legally entitled to a tip credit to determine the regular rate of pay, (2) ignoring tips regularly received by employees when calculating employees' overtime pay rate, and (3) failing to pay employees for work they complete in a week above 40 hours.

3. Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at Bear Lake, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their

employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

4. Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any of their current or former employees because the current or former employee engages in any of the following activities:

a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship;

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

5. Defendants shall provide all employees with a copy of the U.S. Department of Labor, Wage and Hour Division's Handy Reference Guide to the Fair

Labor Standards Act,[1] Employee Rights Under the Fair Labor Standards Act,[2] Fact Sheet #2: Restaurants, Fact Sheet # 15 Tipped Employees Under the Fair Labor Standards Act (FLSA), and Fact Sheet #56A: Regular Rate of Pay which are available on the DOL website.[3] Defendants shall provide these materials within 30 days of employment or, for current employees, within 30 days of entry of the Consent Order and Judgment.[4]

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(c) of the Act, in favor of the Secretary and against Defendants in the total amount of $49,500, plus post-judgment interest as set forth in Exhibit A.[5]

6. The Secretary shall recover from Defendants the sum of $24,750 in unpaid minimum wage and overtime compensation covering the period April 23, 2021 through April 22, 2023, for Defendants' current and former employees whose names are listed in the attached Exhibit A, and the additional sum of $24,750 in liquidated damages.

    a. At the time of Defendants' signing of this Consent Judgment, Defendants shall deliver or will have already delivered payment in the amount of $49,500 by ACH transfer, debit card, or digital wallet at

---

[1] https://www.dol.gov/agencies/whd/compliance-assistance/handy-reference-guide-flsa
[2] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/minwagep.pdf
[3] https://www.dol.gov/agencies/whd/fact-sheets
[4] For Defendants' reference, other factsheets and information for the restaurant industry may be found in DOL's Restaurant Employment Toolkit, https://www.dol.gov/agencies/whd/compliance-assistance/toolkits/restaurant
[5] Employees' names have been redacted for privacy reasons. Defendants acknowledge receiving employees' full name.

htttps://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region".[6]

    b.    Defendants shall also furnish to the Secretary the full name, last-known address, last-known phone number, and social security number for each employee named in Exhibit A.

    c.    Upon receipt of full payment from Defendants, representatives of the Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Secretary.

    d.    Upon receipt of payment from Defendants, representatives of the Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Secretary.

---

[6] Defendants shall use 1978547 for the case/investigation number and the date of payment for any dates required at pay.gov.

e. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return of any sums paid under this Consent Judgment.

f. If an individual named on Exhibit A refuses any sums paid under this Consent Judgment by attempting to return them to Defendants or to anyone on Defendants' behalf, Defendants shall refuse to accept them and shall ensure that all such sums be immediately paid to the Secretary for deposit as above. Defendants shall have no further obligations with respect to such monies.

g. Any monies not disbursed by the Department of Labor after three years from the date of payment by Employers, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

h. The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named on Exhibit A, nor shall the provisions in any way affect any legal right of any individual named on Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

i. In reliance on the representations made by Defendants in documents provided by them to the Secretary, including declarations of financial status, which show that they are currently unable to immediately pay 100% of the

back wages and liquidated damages due, the Secretary agrees to forbear collection of the full amount of back wages and liquidated damages due, plus accruing interest. However, if Defendants' representations relating to their ability to restore the full amount of back wages and liquidated damages and accruing interest sought by the Secretary in her complaint are false, the Secretary's agreement to forbear is null and void, and the Secretary is entitled to seek immediate restoration of the full amount of back wages and liquidated damages (minus any restoration made pursuant to this Judgment).

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 29 U.S.C. § 16(e)(2), in favor of the Secretary and against the Defendants in the total amount of $500, which represents civil money penalties.

7. At the time of Defendants' signing of this Consent Judgment, Defendants shall deliver payment in the amount of $500, representing the amount of civil money penalties owed, made by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77734516 or https://www.pay.gov and searching "WHD Civil Money Penalty Payment – Midwest Region."

8. Except for these proceedings, matters arising out of these proceedings, and any other subsequent proceedings between the parties, none of the preceding agreements, statements, findings, and actions taken by Defendants shall be deemed an admission by Defendants of the allegations in the Secretary's Complaint. The

agreements, statements, findings, and actions taken herein are made for the purpose of resolving this matter in an amicable manner, and they shall not be used for any other purpose, except as stated previously.

9. By entering into this Consent Judgment, Plaintiff does not waive their right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 2nd day of April, 2025.

        /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

Entry of this judgment
is hereby consented to:

**For Defendants:**

Date 3/28/2025.

B K Laurence, Inc. d/b/a Bear Lake Inn and Dingman's Beer Garden

*[signature]*

Its President/Owner

*[signature]*

Karren Laurence, Individually

*[signature]*

**LAWRENCE A. FRIEDMAN**
Friedman Partners LLC
Attorney for Defendant


APPROVED:

**JONATHAN L. SNARE**
Acting Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*Jonathan Hoffmeister*
**JONATHAN HOFFMEISTER**
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
404-302-5453

Hoffmeister.jonathan@dol.gov

*Attorneys for Plaintiff Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor*

Exhibit A

| Employee | Back Wages | Liquidated Damages |
|---|---|---|
| 1. R. Anderson | $402.08 | $402.08 |
| 2. L. Bissonette | $438.38 | $438.38 |
| 3. L. Bissonette | $493.89 | $493.89 |
| 4. S. Blaisdell | $85.22 | $85.22 |
| 5. T. Blaisdell | $80.99 | $80.99 |
| 6. T. Blaisdell | $1,076.14 | $1,076.14 |
| 7. A. Bonafiglio | $121.98 | $121.98 |
| 8. J. Brehm | $547.13 | $547.13 |
| 9. M. Carter | $485.15 | $485.15 |
| 10. D. Dembny | $755.87 | $755.87 |
| 11. J. Duso | $456.55 | $456.55 |
| 12. M. Elkins | $860.48 | $860.48 |
| 13. D. Galea | $539.48 | $539.48 |
| 14. M. Grant | $284.24 | $284.24 |
| 15. B. Hilts | $2,126.58 | $2,126.58 |
| 17. J. Humphrey | $1,708.28 | $1,708.28 |
| 18. J. Hurd | $59.84 | $59.84 |
| 19. H. Jacobs | $1,466.66 | $1,466.66 |
| 20. K. Lewkowski | $566.09 | $566.09 |

| 21. R. Long | $262.14 | $262.14 |
|---|---|---|
| 22. M. Luke | $289.65 | $289.65 |
| 23. A. McCarn | $467.07 | $467.07 |
| 24. B. Mitchell | $143.36 | $143.36 |
| 25. K. Nichols | $328.74 | $328.74 |
| 26. M. Niehardt | $619.60 | $619.60 |
| 27. D. Orr | $1,491.98 | $1,491.98 |
| 28. K. Redman | $27.10 | $27.10 |
| 29. N. Redman | $1,619.25 | $1,619.25 |
| 30. A. Rhoat | $1,991.15 | $1,991.15 |
| 31. A. Roesstorff | $1,514.61 | $1,514.61 |
| 32. S. Ryan | $248.30 | $248.30 |
| 33. J. Smith | $318.81 | $318.81 |
| 34. J. Taylor | $1,657.54 | $1,657.54 |
| 35. E. Thonerfelt | $492.13 | $492.13 |
| 37. M. Wilkinson | $503.39 | $503.39 |
| 38. S. Woodin | $220.15 | $220.15 |
| **Total** | | **$49,500.00** |